**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jerome Alexander WRIGHT, Defendant–Appellant.**

No. 10–3234.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 19, 2011.

Decided Dec. 20, 2011.

Jonathan H. Koenig, Attorney, Office of the United States Attorney, Milwaukee, WI, for Plaintiff–Appellee.

Jonathan E. Hawley, Acting Federal Public Defender, Office of the Federal Public Defender, Peoria, IL, A. Brian Threlkeld, Attorney, Office of the Federal Public Defender, Urbana, IL, for Defendant–Appellant.

Jerome Alexander Wright, Leavenworth, KS, pro se.

Before KENNETH F. RIPPLE, Circuit Judge, ILANA DIAMOND ROVNER, Circuit Judge, and ANN CLAIRE WILLIAMS, Circuit Judge.

## ORDER

Jerome Wright pleaded guilty to being a felon in possession of two firearms, 18 U.S.C. § 922(g)(1), and the district court sentenced him to 32 months of imprisonment. Wright filed a notice of appeal, but his appointed counsel seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he cannot identify a nonfrivolous issue to pursue. Wright has not responded to his attorney's submission. *See* Cir. R. 51(b). We confine our review to the potential issue identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir.2002).

Wright has informed his attorney that he does not want his guilty plea set aside. Thus, counsel appropriately omitted from his brief any discussion of the adequacy of the plea colloquy and the voluntariness of the guilty plea. *See United States v. Knox*, 287 F.3d 667, 671–72 (7th Cir.2002).

Counsel considers whether Wright could argue that his 32–month sentence is unreasonable. But the district court properly calculated the guidelines range of 30 to 37 months, and Wright's within-guidelines sentence is presumed reasonable. *See Rita v. United States*, 551 U.S. 338, 347, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007); *United States v. Pillado*, 656 F.3d 754, 772 (7th Cir.2011). Counsel cannot identify a reason to disturb that presumption. The court, acknowledging Wright's personal circumstances, commended him for returning to school and taking care of his children. *See* 18 U.S.C. § 3553(a)(1). But the court explained that Wright, as a convicted felon, needed a punishment that

would reflect the danger of possessing firearms, particularly in a home with children. *See id.* § 3553(a)(2). Thus, we agree with counsel that it would be frivolous to challenge Wright's sentence.

The motion to withdraw is GRANTED, and the appeal is DISMISSED.